Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AFRODITE JAQUEZ, <br><br> Plaintiff <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

AFRODITE JAQUEZ ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hillside, New Jersey 07205.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity and national debt collector with a mailing address of 350 Camino de la Reina, Suite 100, San Diego, California 92108.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

14. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone number regarding an alleged debt.

15. Upon information and belief, the calls related to an alleged personal debt.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Plaintiff knew that Defendant's calls were automated as they started with a noticeable pause or delay with no caller on the line before transferring to a live representative or terminating.

18. Defendant's telephone calls were not made for "emergency purposes," but rather were placed with the intent of collecting a debt allegedly owed by Plaintiff.

19. Shortly after the calls started, Plaintiff demanded that Defendant stop placing calls to her cellular telephone.

20. However, Defendant ignored Plaintiff's request and continued to call her.

21. Once Defendant knew its calls were unwanted any further calls served no lawful purpose and could only have been placed for the purpose of harassing Plaintiff.

22. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

23. Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly calling Plaintiff repeatedly and excessively on her telephone numbers to collect an alleged personal debt and continuing to call repeatedly after being told to stop calling and knowing its calls were unwanted.

**COUNT II**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

34. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

35. Defendant's calls to Plaintiff were not made for emergency purposes.

36. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

37. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

38.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, AFRODITE JAQUEZ, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    h. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AFRODITE JAQUEZ, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED

Date:   May 22, 2020                By: /s/ Amy L. Bennecoff Ginsburg
                                    Amy L. Bennecoff Ginsburg, Esq.
                                    Kimmel & Silverman, P.C.
                                    30 East Butler Pike
                                    Ambler, PA 19002
                                    Phone: 215-540-8888
                                    Fax: 877-600-2112
                                    Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT